UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:21-cr-00169-JAW-1 |
| | ) | |
| DEVIN MELYCHER | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTIONS FOR DISMISSAL OF STANDBY COUNSEL, FOR IMMEDIATE SENTENCING, AND FOR SENTENCING IN ABSENTIA**

On August 9, 2022, Devin Melycher, who is representing himself, filed a letter with the Court that the Court interprets as demanding an immediate date for a sentencing hearing, a sentencing hearing at which he is not present, and dismissal of his standby counsel. *Mot. for Immediate Sentencing Hr'g, Mot. for Sentencing Hr'g in Absentia, and Mot. to Dismiss Standby Counsel* (ECF No. 103).

The Court DENIES Devin Melycher's motion to dismiss standby counsel. The Court appointed standby counsel for Mr. Melycher to consult or not to consult as he sees fit. Mr. Melycher's decision not to do so at present does not change the Court's determination that standby counsel should be available in case he changes his mind.

The Court notes Mr. Melycher's request for an immediate sentencing hearing and for a sentencing hearing without his presence. As for the former, before scheduling Mr. Melycher's sentencing hearing, the Federal Rules of Criminal Procedure and the District of Maine's Local Rules contemplate certain time intervals for the preparation of the Presentence Investigation Report and related recommendations and objections made to the Court. *See* FED. R. CRIM. P. 32(e)-(h);

D. ME. LOC. R. 132. As these time periods are coming to an end and the Court anticipates that Mr. Melycher's sentencing hearing will be scheduled in the relatively near future, the Court DISMISSES as moot Devin Melycher's motion for an immediate sentencing hearing.

The Court DENIES Devin Melycher's motion for a sentencing hearing in absentia. Under Federal Rule of Criminal Procedure 43(a)(3), a defendant "must be present at . . . sentencing." The Rule allows for a defendant to waive the right to be physically present. FED. R. CRIM. P. 43(c)(1)(B). But to make certain that Mr. Melycher's waiver is knowing and voluntary, the Court would schedule a hearing at which Mr. Melycher would be present. Thus, it is equally efficient for the Clerk to schedule a sentencing hearing as a hearing on a motion to hold the sentencing hearing in absentia.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2022

2